UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

SEVERN PEANUT CO, INC., and
MEHERRIN AGRICULTURE &
CHEMICAL CO.,

                          Plaintiffs,

            vs.                                    **DOCKET NO. 2:11-cv-00014-BO**

INDUSTRIAL FUMIGANT CO. and
ROLLINS INC.,

                          Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO JOIN TRAVELERS PROPERTY CASUALTY CO. OF AMERICA AS AN INVOLUNTARY PLAINTIFF

Defendants Industrial Fumigant Co. ("IFC") and Rollins, Inc. ("Rollins"), by and through counsel, and pursuant to Rules 17 and 19 of the Federal Rules of Civil Procedure, hereby submit the following Memorandum of Law in support of their Motion to Join Travelers Property Casualty Co. of America as an Involuntary Plaintiff.

## STATEMENT OF THE CASE

Plaintiffs filed their Complaint in this Court on April 8, 2011. (DE #1). On May 23, 2011, Defendants moved to dismiss the Complaint for failure to state a claim for relief. (DE #13). On November 14, 2011, the Court entered an order denying Defendants' motion. (DE # 29). Defendants filed their Answer on November 28, 2011. On even date herewith, Defendants have filed their Motion to Join Travelers Property Casualty Co. of America as an Involuntary Plaintiff.

## STATEMENT OF FACTS

According to Plaintiffs' Complaint, on August 4, 2009, IFC inserted approximately 49,000 aluminum phosphide tablets into their Peanut Dome and then sealed the dome. Compl.

1

¶ 13. On August 11, 2009, smoke was discovered coming from the Peanut Dome. *Id.* ¶ 14. On August 29, 2009, an explosion within the Peanut Dome caused extensive damage to its structural integrity. *Id.* ¶ 18. The fire "substantially damaged/destroyed [Plaintiffs'] real and personal property and interrupted their business." *Id.* ¶ 20. Plaintiffs contend they have sustained monetary damages in the amount of $19,292,381.79. *Id.* ¶ 25.

Plaintiffs' property and business were covered by a policy of insurance with Travelers Property Casualty Co. of America ("Travelers"). *See* Correspondence from Howard M. Widis to David Poindexter, November 22, 2010 (attached to Defs'. Mot. as Exhibit A). Following their property loss, Plaintiffs made a claim with Travelers that was ultimately adjusted to $19,292,381.79, the amount Travelers paid to satisfy their claim, less a $50,000 deductible. *Id.* Travelers is now subrogated to Plaintiffs' claims against Defendants in the amount of $19,242,381.79, an amount representing 99.7% of the damages Plaintiffs assert in their Complaint. *Id.* Yet Travelers is not presently a plaintiff in this action.

## ARGUMENT

## I. DEFENDANTS ARE ENTITLED TO HAVE TRAVELERS JOINED AS AN INVOLUNTARY PLAINTIFF.

Rule 17 of the Federal Rules of Civil Procedure requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 19 requires that a real party in interest must be joined in the action if it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). The Court may join as an involuntary plaintiff a real party in interest who refuses to voluntarily participate in the action. Fed. R. Civ. P. 19(a)(2).

When an insurer is completely subrogated to its insured's loss, it is the only real party in interest and the only proper plaintiff. *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 381-82 (1949). When an insurer is only partially subrogated to its insured's loss, due to a deductible or otherwise, "there are two real parties in interest under Rule 17. Either party may bring suit – the insurer-subrogee to the extent it has reimbursed the subrogor, or the subrogor for either the entire loss or only its unreimbursed loss." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 84 (4th Cir. 1973). The Fourth Circuit has made "clear that a partial subrogee is a person to be joined if feasible under Fed. R. Civ. P. 19(a)." *Id.* at 85.

Ironically, one of the leading Fourth Circuit cases addressing this joinder issue involved Travelers' attempt to sue exclusively in the name of its insured when it was subrogated to over 99% of its insured's loss – just as is the case here. In *Travelers Ins. Co. v. Riggs*, 671 F.2d 810 (4th Cir. 1982), the defendants owned an aircraft that crashed into a house owned by John and Veronica Frankenstein. Travelers, the Frankensteins' property insurer, paid them $26,997.99 for their loss, their total loss less a $100 deductible. *Id.* at 812. During pretrial maneuvers, the defendants moved to substitute Travelers as sole plaintiff on the basis that it was the real party in interest. *Id.* The trial court granted the motion, though it later provided Travelers with the option of allowing the Frankensteins intervene back into the action; Travelers declined that option. *Id.* After suffering an adverse jury verdict, Travelers appealed from the trial court's order joining it as the real party in interest. Although the Fourth Circuit concluded that the Frankensteins should not have been totally displaced as plaintiffs, citing *Virginia Elec. & Power*, it held that Travelers was not prejudiced by that decision:

We conclude that any prejudice from this technical error was cured by the court's subsequent action giving Travelers the option of having its insured joined with it as co-plaintiffs by intervention. The ultimate effect of this option, if taken, would have been to force Travelers' joinder with its insureds as co-plaintiffs. Under the law of this circuit, that was the limit of its entitlement as a partially subrogated insurer. For, though not universally followed in the federal courts, and though subject indeed to criticism in this circuit, it is nevertheless the rule of this circuit that in a partial subrogation situation where the action is brought in the name of the insured as the real party in interest, ***the partially subrogated insurer may also, if feasible, be involuntarily joined as a party plaintiff upon motion of the defendant.***

*Id.* at 813 (emphasis added and citing *Virginia Elec. & Power*, 485 F.2d 78).

In *Smithfield Carroll Farms, Inc. v. Roanoke Elec. Corp.*, 1996 U.S. Dist. LEXIS 12954 (E.D.N.C. July 31, 1996) (Boyle, J.) (unpublished), this Court faced the identical joinder issue Defendants raise through the instant motion. As here, the defendant in *Smithfield Carroll Farms* moved to join the plaintiff's partially subrogated property insurer as an involuntary plaintiff pursuant to Rules 17 and 19. *Id.* at *1. This Court observed that the plaintiff's insurer became a real party in interest by paying the plaintiff $453,634 pursuant to its insurance policy. *Id.* at *1-2. It noted that the plaintiff's insurer was only partially subrogated to its loss due to the presence of a $25,000 deductible. *Id.* at *2 n.2. The Court concluded that the Fourth Circuit's decision in *Travelers Ins. Co.* was controlling, noting that the rule in this circuit is that in a partial subrogation situation where the action is brought exclusively in the name of the insured, if feasible, the insurer may be involuntarily joined as a party plaintiff upon the defendant's motion. *Id.* at *2. Because the insurer in that case was subject to service of process and its joinder did not defeat diversity, the Court held that the defendant was entitled to join it as a party plaintiff. *Id.* at *3.

In this case, Travelers is subrogated to all but $50,000 of Plaintiffs' $19,292,381.79 loss. Thus, 99.7% of the loss being pursued by Plaintiffs is for the benefit of Travelers, not Plaintiffs.

Plaintiffs' counsel has made little secret of the fact that his true client is Travelers. *See* Defs. Mot. Ex. A. Travelers is subject to service of process in this Court and its joinder will not defeat this Court's diversity jurisdiction. Consequently, under the law of this Circuit, and this Court's decision in *Smithfield Carroll Farms*, Defendants are entitled to have Travelers joined as an involuntary plaintiff. In ordering such joinder, the Court should also ensure that "[t]he pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." *Aetna Casualty*, 338 U.S. at 382. The Court should therefore order Plaintiffs to amend their Complaint to reveal their true interests vis-à-vis Travelers.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court enter an order joining Travelers as an involuntary plaintiff and requiring Plaintiffs to file an amended complaint reflecting in both its caption and body Travelers' participation in this action as a party plaintiff and revealing the true interests of Plaintiffs and Travelers in the claims being pursued against Defendants.

This the 16th day of December, 2011.

**POYNER SPRUILL LLP**

By:  s/ Steven B. Epstein
Steven B. Epstein
N.C. State Bar No. 17396
Email: sepstein@poynerspruill.com
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601
Telephone: 919.783.2846
Facsimile: 919.783.1075

ATTORNEYS FOR DEFENDANTS
INDUSTRIAL FUMIGANT CO. AND
ROLLINS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing *MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO JOIN TRAVELERS PROPERTY CASUALTY CO. OF AMERICA AS AN INVOLUNTARY PLAINTIFF* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record as follows:

Howard M. Widis, Esq.
Quick, Widis & Nalibotsky, PLLC
2115 Rexford Rd., Suite 100
Charlotte, NC 28211
Email: hwidis@qwnlaw.com

This the 16th day of December, 2011.

s/ Steven B. Epstein
Steven B. Epstein