| | |
|---|---|
| SEVERN PEANUT CO, INC., ) <br> MEHERRIN AGRICULTURE & ) <br> CHEMICAL CO., and TRAVELERS ) <br> PROPERTY CASUALTY COMPANY ) <br> OF AMERICA as Subrogee of Severn ) <br> Peanut Co., Inc. and Meherrin Agriculture &) <br> Chemical Co., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> INDUSTRIAL FUMIGANT CO. and ) <br> ROLLINS INC. ) <br> ) <br> Defendants. ) <br> _____) | **DOCKET NO. 2:11-cv-00014-BO** <br><br> **FIRST AMENDED COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

COME NOW Plaintiffs, Severn Peanut Co. Inc.; Meherrin Agriculture & Chemical Co.; and Travelers Property Casualty Company of America, as Subrogee of Severn Peanut Co. Inc and Meherrin Agriculture & Chemical Co., by their counsel, and with the written consent of Defendants hereby assert their First Amended Complaint and respectfully aver the following:

### THE PARTIES

1. Plaintiff Severn Peanut Co., Inc. ("Severn") is a corporation duly organized and existing in North Carolina with its principal place of business located in Severn, Northampton County, North Carolina and is a wholly owned subsidiary of Meherrin Agriculture & Chemical Co. ("Meherrin"). At all relevant times, Severn was in the peanut processing business and owned and operated peanut processing and storage facilities in Severn, North Carolina.

2. Plaintiff Meherrin Agriculture & Chemical Co. ("Meherrin") is a corporation duly organized and existing in North Carolina with its principal place of business located in Severn,

Northampton County, North Carolina. At all relevant times, Meherrin offers agricultural products including seed and fertilizers and does business in North Carolina.

3. Plaintiff Travelers Property Casualty Company of America, as Subrogee of Severn Peanut Co. Inc. and Meherrin Agriculture & Chemical Co., ("Travelers"), is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut. Travelers is in the business of writing property and casualty insurance coverage, including fire loss coverage, and is duly licensed and authorized to do business in the State of North Carolina. At all times relevant to the averments contained herein, Travelers provided property insurance coverage to Meherrin and Severn against losses and damage from certain hazards including property and business income loss. This insurance was provided and issued under Travelers's Policy No. KTJ-CMB-297T724-7-09 ("the Policy").

4. Defendant The Industrial Fumigant Co. ("IFC") is a corporation organized and existing under the laws of a state other than North Carolina with its principal place of business in Kansas. At all times relevant to the allegations contained herein, defendant IFC was engaged in the business of, *inter alia,* providing pest control fumigation products and supplies, and commercial application services in North Carolina and elsewhere. IFC's registered agent for service of process in North Carolina is Corporation Service Company, 327 Hillsborough St. Raleigh, NC 27603.

5. Defendant Rollins, Inc. ("Rollins") is a corporation organized and existing under the laws of a state other than North Carolina with its principal place of business in Georgia and routinely conducts business in North Carolina. At all times relevant to the allegations contained herein, defendant IFC was a wholly owned subsidiary of Rollins.

6. Upon information and belief, Rollins directs, controls and dictates IFC's pest control fumigation services and for all legal and practical purposes, IFC is a mere instrumentality or alter ego of Rollins.

7. Upon information and belief, Rollins claims and reports IFC's profits, assets and liabilities as part of its overall annual financial reporting.

8. Upon information and belief, Rollins, by and through its executive officers directly participate, guide and manage the activities of IFC through active and direct participation in the managerial affairs of IFC.

## JURISDICTION AND VENUE

9. Original jurisdiction of this Court exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between plaintiffs and defendants and the amount in controversy as to each defendant exceeds $75,000.00 exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events and/or omissions giving rise to the claim occurred in Northampton County and thus within this jurisdiction.

## FACTUAL ALLEGATIONS

11. On or about April 20, 2009, IFC entered into a contract with Severn Peanut Co., Inc. a copy of which is attached as Exhibit 1 whereby IFC agreed to apply fumigant consisting of aluminum phosphide tablets within a peanut storage dome ("Dome") owned by Severn and located at in Severn, North Carolina.

12. Aluminum Phosphide tablets react with moisture in the air to produce phosphine gas. Phosphine gas is highly toxic, reactive, and potentially explosive.

13. Because of the dangers associated with their use, phosphine fumigants are restricted-use pesticides that can be used only by trained and certified applicators in accordance with label instructions.

14. On August 4, 2009, IFC inserted approximately 49,000 tablets of Fumitoxin, an aluminum phosphide tablet, into the Dome and the Dome was thereafter sealed by IFC.

15. On August 11, 2009, smoke was discovered coming from the Dome and Severn notified IFC accordingly.

16. After receiving notification from Severn, Rollins thereafter utilized the services of Piedmont Risk Management to visit the site and assess the situation. The representative from Piedmont Risk Management advised Severn and Meherrin that he had been retained by Rollins and that Rollins would take responsibility for the suppression of the fire.

17. Rollins thereafter retained Williams Fire & Hazard Control, Inc. ("Williams") to supervise and coordinate the fire fighting activities at the site.

18. In their continuing efforts to suppress the fire, Rollins and Williams inserted dry ice into the Dome.

19. On August 29, 2009, there was an explosion within the dome causing extensive damage to the structural integrity of the Dome. After the explosion, in their continuing efforts to suppress the fire, Rollins and Williams sprayed both water and foam onto the burning peanuts in the Dome.

20. On August 31, 2009, Rollins advised that they were no longer assuming responsibility for the fire suppression and that they no longer were employing Williams. Thereafter Severn retained Superior Crane, Inc. to coordinate and complete the fire fighting and suppression efforts.

21. The fire substantially damaged/destroyed Severn and Meherrin's real and personal property and interrupted their business.

22. The fire was caused by IFC/Rollins's improper and careless use of the Aluminum Phoshide pesticide.

23. Upon information and belief, Rollins direction, management and control of IFC thereby rendering IFC a mere instrumentality and alter ego of Rollins, make Rollins responsible for the negligent acts of IFC as herein alleged.

24. Upon information and belief, IFC is an agent of Rollins as evidenced in part by Rollins direction, management and control of IFC and by Rollins actions in accepting responsibility for the suppression of the fire caused by the negligence of IFC. As such, Rollins as principal, is vicariously liable for the negligent acts of IFC as herein alleged.

25. Rollins acceptance of responsibility for the suppression of the fire caused by the negligence of IFC is a ratification of the conduct and acts of IFC and as such, Rollins is liable for the for the negligent acts of IFC as herein alleged.

26. The negligent acts and/or omissions of defendant IFC and Rollins directly and proximately caused the damages which Plaintiffs have suffered in the amount of $19,292,381.79.

27. As a direct and proximate result of the fire and resultant damages, Severn and Meherrin presented a claim to Travelers and pursuant to the Policy, Travelers paid to or on behalf of Severn/Meherrin a total of $19,242,381.79. As a result of its payments, Plaintiff Travelers is subrogated to the rights of Severn and Meherrin to recover damages from third persons to the extent of its payments and brings this claim as subrogee. Plaintiff Severn and

Meherrin also suffered additional losses of $50,000.00 for which it has not received payment from Travelers.

## COUNT I – NEGLIGENCE

28. Plaintiffs hereby incorporate and reallege Paragraphs 1-27 as if fully stated herein.

29. By undertaking to use highly toxic and potentially explosive pesticides at Severn's peanut storage dome, IFC/Rollins assumed a duty to Severn and Meherrin to perform its services in a good, safe and workmanlike manner.

30. Defendants IFC/Rollins breached their duties to Severn and Meherrin by their negligent acts and omissions, which include, but are not limited to:

   a. Failing to properly use the pesticide in accordance with applicable federal law, state law and industry practice, including the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA") and the North Carolina Pesticide Law of 1971.

   b. Using the pesticide in a manner inconsistent with its labeling;

   c. Failing to properly inspect the Dome and peanut inventory before applying the pesticide;

   d. Failing to properly apply the pesticide inside the Dome, including but not limited to allowing the pellets to pile;

   e. Failing to have a proper Fumigation Management Plan and to follow such plan in the application of the pesticide;

   f. Failing to have a proper Monitoring Plan and to follow such a Monitoring Plan in the application of the pesticide;

   g. Failing to notify and/or warn Severn and/or Meherrin as to the fire hazard created by the improper use of the pesticide in the warehouses;

   h. Failing to properly implement, invoke and maintain reasonable and necessary safety measures before, during and after the use of the pesticide at peanut storage dome;

i. Failing to properly train and supervise its employees in the proper use and application of the pesticide;

j. Failing to use or employ proper safety and control measures to monitor, contain, control and/or govern the pesticide;

k. Negligence Per se;

l. Otherwise failing to use due care under the circumstances.

31. Said damages were caused solely through the negligence of the Defendants and without any negligence on the part of the Plaintiffs.

32. As a direct and proximate result of IFC and/or Rollins's negligent acts and/or omissions, the fire occurred causing substantial damage to Severn's peanut processing facility, inventory and business interests in an amount $19,292,381.79 for which IFC and/or Rollins are liable.

## COUNT II– NEGLIGENCE *PER SE*

33. Plaintiffs hereby incorporate and reallege Paragraphs 1-32 as if fully stated herein.

34. Defendants' use of Fumitoxin and phosphine gas pesticide at the Severn facility was regulated by FIFRA and the North Carolina Pesticide Law of 1971.

35. By undertaking to use highly toxic and potentially explosive pesticides at Severn's storage facilities, including but not limited to the Dome, IFC and Rollins assumed a statutory duty to Severn and Meherrin to perform its services in compliance with FIFRA and the North Carolina Pesticide Law of 1971.

36. FIFRA was enacted to protect a class of persons which includes Severn and Meherrin.

37. The North Carolina Pesticide Law of 1971 was enacted to protect a class of persons which includes Severn and Meherrin.

38. FIFRA and the North Carolina Pesticide Law of 1971 are public safety statutes.

39. Defendants IFC and Rollins violated both FIFRA and the North Carolina Pesticide Law by, *inter alia*, using the Fumitoxin pesticide in a manner inconsistent with its labeling. Consequently, defendant's negligence constitutes negligence *per se*.

40. As a direct and proximate result of the defendants' negligence *per se*, Plaintiffs have suffered the previously described damages.

## **COUNT III – BREACH OF CONTRACT**

41. Plaintiffs hereby incorporate and reallege Paragraphs 1-40 as if fully stated herein.

42. The April 20, 2009 contract attached hereto as Exhibit A provides in pertinent part that "IFC agrees to exercise all reasonable and practical efforts to apply the pesticides.... in a manner consistent with instructions, procedures directions, and precautions set forth in the labeling of the pesticide as required by the EPA."

43. Defendants breached the contract with Severn in various ways including but not limited to failing to exercise all reasonable and practical efforts to apply the pesticides.... in a manner consistent with instructions, procedures directions, and precautions set forth in the labeling of the pesticide as required by the EPA."

44. As a result of Defendants' breach of contract, as hereinabove alleged, Plaintiffs sustained monetary damages of $19,292,381.79, for which Defendants IFC and Rollins are liable.

WHEREFORE, Plaintiffs seek relief as follows:

a. That judgment be entered in their favor and against IFC and Rollins, jointly and severally, for Plaintiffs' claims of negligence in the amount of $19,292,381.79, together with interest;

8
Case 2:11-cv-00014-BO   Document 34   Filed 01/04/12   Page 8 of 10

b. That judgment be entered in their favor and against IFC and Rollins, jointly and severally, for Plaintiffs' claims of negligence per se in the amount of $19,292,381.79, together with interest;

c. That judgment be entered in their favor and against IFC and Rollins, jointly and severally, for Plaintiffs' claims for breach of contract in the amount of $19,292,381.79, together with interest;

d. That Plaintiffs recover their costs, including reasonable attorney fees, if appropriate;

e. That the Court empanel a jury to hear all issues of fact; and

f. For such other and further relief as this Court deems just and proper.

This the 4th day of January, 2012.

>Respectfully submitted,
>
>QUICK, WIDIS & NALIBOTSKY, PLLC
>
>By: /s/ Howard M. Widis
>Howard M. Widis, Esq., NC Bar # 8094
>Albert S. Nalibotsky, Esq., NC Bar # 19478
>Hunter C. Quick, Esq., NC Bar # 16453
>Quick, Widis & Nalibotsky, PLLC
>2115 Rexford Road, Suite 100
>Charlotte, NC 28211
>Telephone: (704) 364-2500
>Fax: (704) 365-8734
>Email: hwidis@qwnlaw.com
>        analibotsky@qwnlaw.com
>        hquick@qwnlaw.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

This the 4th day of January, 2012.

s/Howard M. Widis
Howard M. Widis, Esquire

10
Case 2:11-cv-00014-BO   Document 34   Filed 01/04/12   Page 10 of 10