# The Industrial Fumigant Company
An Illinois Corporation

P. O. Box 1200, Olathe, KS 66051-1200
Phone (913) 782-7600 • Fax (913) 782-6299

## PESTICIDE APPLICATION AGREEMENT

This Agreement is made by and between The Industrial Fumigant Company, hereinafter referred to as IFC, and

Severn Peanut Company, Inc.
P. O. Box 710
Severn, North Carolina 27877

hereafter referred to as "Client", for the treatment of commodities and/or space by IFC for Client on the terms and conditions and for the consideration set forth in this Agreement.

1. CLIENT ADDRESS (Where pesticides are to be applied):

   Peanut Dome
   413 Main Street
   Severn, North Carolina 27877

2. AREAS TO BE TREATED:

   Peanut Storage Warehouse

3. VOLUME OR QUANTITY OF COMMODITIES TO BE TREATED:

   1,976,503 Cubic Feet

4. PESTICIDES TO BE USED:

   Phosphine (Aluminum Phosphine Tablets)

   Target Pests:   Flour Beetles & Indian-meal Moths

5. DATE AND TIME OF SCHEDULED TREATMENT:

   Open through 2009

6. IFC                is to assume responsibility for sealing and preparing the building/area for treatment.

7. THE INDUSTRIAL FUMIGANT COMPANY ASSUMES RESPONSIBILITY FOR THE FOLLOWING:
   a. IFC agrees to exercise all reasonable and practical efforts to apply the pesticides listed in #4 in a manner consistent with instructions, procedures, directions, and precautions set forth in the labeling of the pesticide as required by EPA.
   b. Client acknowledges that all warranties, expressed or implied, of the goods contained on the labels affixed to the goods, and all terms and conditions of such labels are a part of this Agreement. There are no terms, conditions, or warranties, expressed or implied, of merchantability, fitness for a particular purpose, or otherwise of the goods other than or different from those contained on the labels affixed to the goods. IFC shall in no event be liable for consequential damages for breach, if any, of such limited warranties, or resulting from the performance of its services and use of any products pursuant hereto.
   c. IFC agrees to exercise all reasonable and practical efforts necessary to cause the effective control of the target infestation--See #4 –however, IFC does not guarantee 100% control of the target pests, nor is there any guarantee that the commodities and/or space being treated will be protected from re-infestation upon completion of the work performed hereunder.
   d. IFC agrees that services performed will be under the direct supervision of or by a qualified and/or certified applicator as required by EPA.
   e. IFC maintains public liability and property damage insurance with those who are licensed to do business in the state of the facility to be treated.

**EXHIBIT A**

JOB #7 28 004 09

IFC • 1

8. CLIENT ASSUMES THE FOLLOWING RESPONSIBILITIES:
   a. It is the responsibility of the Client to extinguish and/or remove all sources of heat or flame from treated areas when necessary.
   b. It is the responsibility of the Client to tag and identify all switches to be used by IFC personnel during treatment and aeration, and to lockout or seal off all switches to be avoided by IFC crews.
   c. It is the responsibility of the Client to remove from the fumigated area or the surrounding area, anything (product or equipment) that may be adversely affected by the fumigation process or exposure to the fumigant.
   d. It is the responsibility of the Client for treating all confined spaces as an (permit – required confined space) area, which is subject to specific requirements under OSHA guidelines (#1910.146). Specifically before an employee enters the space, the internal atmosphere shall be tested with a calibrated direct-reading instrument for fumigants, DDVP and others as required.
   e. The Client agrees to comply with any and all instructions attached hereto, before, during and after the pesticide application and shall not permit, allow nor suffer any person or animal to enter the pesticide treated area until such property shall have become or been made safe for occupancy in accordance with label instructions.
   f. The Client assumes only the risk of Client's failure to follow the aforesaid instructions. Client further agrees to indemnify, defend and hold IFC harmless from all claims, demands, causes of action, losses, damages or expenses whatsoever, including costs and attorney's fees, arising by reasons of the entry of any person or persons or property upon the pesticide treated premises from and after the date and time of the completion of the pesticide application work hereunder if said entry is contrary to the aforesaid instructions. For the purpose of this paragraph and para. (7)(c) above, the pesticide application work hereunder shall be deemed to have been completed when IFC's employees leave Client's premises after completion of the work specified herein, and shall not be deemed to relate to any other services performed for any other reason by IFC thereafter.
   g. Client is to provide a guard service and assume complete responsibility for evacuating all people and animals and keeping all unauthorized people out of the treated areas, adjacent areas, plant facilities and grounds during the time of pesticide application through to completion of aeration. Client is to remove all items which are not to be exposed to the pesticides during the pesticide application period. IFC assumes responsibility only for releasing the pesticide and aeration of the treated areas.
   h. The Client shall pay for the above pesticide application on the basis indicated below.

   (I) TOTAL FEE OF     $8,604.00/Fumigation                    plus applicable sales tax

   (II) Charges for services provided under this Agreement are based solely upon the value of the services provided and are not related to the value of Client's premises or the contents therein. The amounts payable by Client are not sufficient to warrant IFC assuming any risk of incidental or consequential damages such as Client's property, product, equipment, downtime, or loss of business. Since it is impractical and extremely difficult to fix actual damages which may arise due to the actions or inaction of IFC or its employees, if, notwithstanding the above provisions, there should arise any liability on the part of IFC, such liability shall be limited to IFC's applicable insurance coverage and/or limits. This sum shall be complete and exclusive and shall be paid and received as liquidated damages and not as a penalty.
   (III) Client agrees that if the treatment is cancelled for any reason, all reasonable expenses incurred by IFC, such as shipping charges, travel expenses, etc., will be paid by the Client.
   (IV) Client agrees to IFC's terms of net 30 days from date of invoice.

   i. If the area to be treated or the amount of pesticide to be used must be increased or decreased as a result of extenuating circumstances, the price quoted will be changed accordingly.
   j. If pesticide application is done on New Year's, Easter, July 4th, Thanksgiving Day, Christmas Eve, or Christmas Day, there will be an additional charge.

9. If after the inspection of the facility, commodity or space to be treated by IFC employees, it is determined that the treatment should not be completed, for any reason whatsoever, IFC shall promptly notify Client and this Agreement shall become null and void and of no further effect.

10. Other Provisions: If IFC is required to continue to monitor the level of the fumigant beyond 12 hours from the conclusion of the fumigation, the Client will be charged at a rate of $350.00 per day plus additional expenses incurred.

When using phosphine, Client is responsible for assisting IFC in developing a Fumigation Management Plan (FMP).

AGREEMENT MUST BE RESUBMITTED IF NOT SIGNED WITHIN 60 DAYS OF THE DATE BELOW. IF SCHEDULED DATE IS ACCEPTABLE, AGREEMENT MUST BE RETURNED TEN (10) DAYS PRIOR TO SCHEDULED DATE.

ACCEPTANCE:        P.O. No. 27,584                      SUBMITTED BY:
                           (If Required)

Severn Peanut Co., Inc.
       (Legal Company Name)                              THE INDUSTRIAL FUMIGANT COMPANY

By:    R.P. Nelson, Jr.                                  By:    Lynn Hansel
                                                                Lynn Hansel
Title: V.P. Operations                                   Title: Vice President of Administration

Date:  4/20/09                                           Date:  April 20, 2009

JOB #7 28 004 09                                                                                    IFC • 2