IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 2:11-CV-00014-BO

| | |
|---|---|
| SEVERN PEANUT CO., INC., et al, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| INDISTRIAL FUMIGANT CO. and ) | |
| ROLLINS INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on plaintiffs' motion for partial summary judgment [DE 54], and plaintiffs' motion to strike defendants' notice of filing of additional materials in opposition to plaintiff's motion for partial summary judgment [DE 59]. The motion are now ripe for adjudication. For the reasons stated herein, the plaintiffs' motion for partial summary judgment is DENIED and plaintiffs' motion to strike is GRANTED.

## BACKGROUND

On April 20, 2009, Industrial Fumigant Co. ("IFC") and Severn Peanut Co. ("Severn") entered into a contract for IFC to fumigate Severn's peanut storage dome ("dome"). On August 4, 2009, IFC applied the fumigant and sealed the dome. Seven days later, Severn discovered smoke coming from the dome and notified IFC. On August 29, 2009, there was an explosion in the dome and the dome and peanuts inside sustained severe damage. Severn alleges that it sustained $20 million in damages as a result of the fire, which it attributes to defendants' improper application of the pesticide Fumitoxin.

As a result of this incident, plaintiffs filed this suit against defendants on April 8, 2011. Plaintiffs assert claims for negligence, negligence *per se*, and breach of contract. Defendants asserted, among other defenses, contributory negligence on the part of Severn. On March 21-22, 2013, plaintiffs deposed defendants' representatives pursuant to FED. R. CIV. P. 30(b)(6). In the depositions plaintiffs asked defendants if they knew of any facts that would support defendants' assertion of the defense of contributory negligence on the part of Severn. Both defendants' representatives denied any knowledge of such facts. In response, on May 6, 2013, plaintiffs filed this motion for partial summary judgment seeking to foreclose defendants from asserting the defense of contributory negligence at trial.

## DISCUSSION

I. MOTION FOR PARTIAL SUMMARY JUDGMENT.

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

A notice of deposition pursuant to FRCP 30(b)(6) requires a corporation to designate one or more persons to testify with respect to matters set out in the deposition notice. The corporation is required to prepare the designated individuals so that they may testify to complete, knowledgeable, and binding answers on behalf of the corporation. *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). When a corporation produces an employee for a 30(b)(6) deposition to testify to corporate knowledge, the employee must provide responsive underlying factual information that is "reasonably available" to the corporation. *Sprint Communications Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 529 (D. Kan. 2006). This includes facts gathered from prior fact witness deposition testimony, other documents the employee could review, and facts passed on to the employee by corporate lawyers because the attorney-client privilege does not apply to the disclosure of facts. *Id.* (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981)).

Plaintiffs argue that because both corporate defendants' representatives in the 30(b)(6) depositions testified that they were unaware of any facts to support the specific allegations of plaintiff Severn's alleged contributory negligence, no facts to support the allegations exist and therefore plaintiffs are entitled to summary judgment on the issue. This Court disagrees.

Plaintiffs attempt to rely on *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996) to stand for the proposition that a party cannot offer testimony contrary to its 30(b)(6) testimony at trial. Therefore, plaintiffs argue, defendants cannot now offer testimony contrary to their 30(b)(6) testimony in order to show the existence of a material issue of fact. Plaintiffs' reliance is mistaken. *Taylor* involved a pre-deposition order discussing the responsibility of a corporate party to have a 30(b)(6) witness properly prepare for the deposition. *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 462 (M.D.N.C. 2003). It was not a sanctions case and

any discussion of limiting the use of 30(b)(6) testimony at trial was necessarily dicta. *Id.* Even then, the opinion noted that statements in a 30(b)(6) deposition are not the same as judicial admissions. *Id.* The evidence offered in the 30(b)(6) deposition is not as binding as plaintiffs contend. Even if precluding defendants from offering certain evidence is the proper course of action, the time and place to raise it would have been in a motion under Rule 37. *Id.* at 461–62. Therefore defendants are not precluded from providing evidence different or beyond that which was provided at its 30(b)(6) deposition, especially in light of the fact that the defendants' deadline to disclose expert witnesses had not yet passed, and summary judgment will be decided with reference to all appropriate evidence. *See id.* at 462.

Defendants have clearly identified multiple facts which raise issues of material fact as to plaintiff Severn's contributory negligence. Many of these facts come from prior witness testimony of plaintiffs' own employees, all of which was available to plaintiffs. Although plaintiffs are not required to guess which facts defendants will rely upon in asserting contributory negligence, their motion for partial summary judgment is premature. Defendants had not even been able to obtain their expert witnesses' opinions at the time which plaintiffs moved for partial summary judgment. Defendants however, pointed to sufficient facts already in the record to support their claim that there are issues of material fact as to plaintiffs' contributory negligence. Although defendants late-submitted their expert witness report as an addition to their response brief, this Court did not, and did not need to, consider that report in considering plaintiffs' motion for partial summary judgment. Because defendants have pointed to sufficient evidence that raises an issue of material fact as to Severn's contributory negligence, plaintiff's motion for partial summary judgment is denied.

4

II. MOTION TO STRIKE.

Defendants' submission of the Carol Jones affidavit and report 27 days after the filing of their memorandum in opposition to plaintiffs' motion for partial summary judgment, as a supplement to the same, and 51 days after plaintiffs' filed their motion for partial summary judgment is clearly in violation of Local Rule 7.1(e)(1). The relevant part states "Responses *and accompanying documents* **shall** be filed within 21 days after service of the motion in question unless otherwise ordered by the court or prescribed by the applicable Federal rules of Civil Procedure" Local Rule 7.1(e)(1) (emphasis added). Therefore plaintiffs' motion to strike is granted. This Court did not consider the Carol Jones affidavit or report in considering plaintiffs' motion for partial summary judgment. However, nothing in this order shall prevent defendants from submitting the affidavit and report into evidence for further proceedings.

## **CONCLUSION**

For the foregoing reasons, the plaintiffs' motion for partial summary judgment is DENIED and the plaintiffs' motion to strike is GRANTED. Nothing in this order shall prevent defendants from submitting the struck materials into evidence for further proceedings. The matter may proceed in its entirety.

SO ORDERED.

This the 22 day of September, 2013.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE