IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:11-CV-00014-BO

| | |
|---|---|
| SEVERN PEANUT CO., INC., et al, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| INDUSTRIAL FUMIGANT CO. and | ) |
| ROLLINS INC., | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on defendants' motion to exclude plaintiffs' post-disclosure expert testing and supplemental reports and opinions [DE 64]. The motion is now ripe for adjudication. For the reasons stated herein, the defendants' motion is GRANTED.

## BACKGROUND

On April 20, 2009, Industrial Fumigant Co. ("IFC") and Severn Peanut Co. ("Severn") entered into a contract for IFC to fumigate Severn's peanut storage dome ("dome"). On August 4, 2009, IFC applied the fumigant and sealed the dome. Seven days later, Severn discovered smoke coming from the dome and notified IFC. On August 29, 2009, there was an explosion in the dome and the dome and peanuts inside sustained severe damage. Severn alleges that it sustained $20 million in damages as a result of the fire, which it attributes to defendants' improper application of the pesticide Fumitoxin.

As a result of this incident, plaintiffs filed this suit against defendants on April 8, 2011. Plaintiffs assert claims for negligence, negligence *per se*, and breach of contract. Defendants assert, among other defenses, contributory negligence on the part of Severn. On February 21,

2013, this Court entered an order extending the scheduling deadlines making plaintiffs' expert disclosures and reports due on May 1, 2013 and defendants' expert disclosures and reports due on June 26, 2013. Depositions could occur only after defendants' disclosures. [DE 53]. Discovery closed on October 28, 2013 and dispositive motions were due on November 27, 2013. [DE 53].

In accordance with the scheduling order, and pursuant to FED. R. CIV. P. 26(a)(2), on May 1, 2013, plaintiffs disclosed four retained, testifying expert witnesses and attached the expert reports of those experts to the disclosure. On June 26, 2013, defendants disclosed eight retained, testifying expert witnesses and attached their expert reports to the disclosure. Defendants took the deposition of plaintiffs' expert Rich on July 30, 2013, plaintiffs' expert Brown on August 2, 2013, and plaintiffs' expert Mueller on August 13, 2013. Each testified that they had not conducted any testing to support their opinion and did not indicate that they planned to do any before trial.

Defendants noticed plaintiffs' expert Schumacher's deposition for September 12, 2013. On September 6, 2013, plaintiffs served on defendants a second supplemental expert report of Schumacher. In that report, Schumacher states that on September 4, 2013, he took part in and witnessed demonstrations in Memphis, Tennessee of Fumitoxin tablets being dispensed from flasks onto the surface of a peanut pile. His second supplemental report states that the demonstrations provided additional support for his previously expressed opinion. During Schumacher's deposition he revealed that plaintiffs' experts Rich and Mueller also participated in the testing. On September 23, 2013, plaintiffs disclosed a second supplemental expert report of Rich in which he indicated the testing provided additional support of his original opinions.

2

On October 8, 2013, defendants filed the instant motion seeking to exclude from evidence in this case any and all testing undertaken by plaintiffs' expert witnesses subsequent to May 1, 2013, including but not limited to the testing undertaken in Memphis, Tennessee on or about September 4, 2013, and any supplemental reports and/or opinions associated with such testing.

## DISCUSSION

The disclosure of expert testimony is governed by Rule 26(a)(2) which provides that an expert report must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness informing them; (iii) any exhibits that will be used to summarize or support them." FED. R. CIV. P. 26(a)(2)(B). An expert report may be supplemented pursuant to Rule 26(e) only when the original report was "defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002). "It does not cover failures of omission because the expert did an inadequate or incomplete preparation." *Id.* However, "[b]ecause there was a court approved discovery plan in this case, the Court looks to Rule 16(f) to determine violations for not disclosing expert reports at the time required under the scheduling order, and to determine sanctions. *Id.* at 309.

Here, as Schumacher testified, the testing in which he, Rich, and Mueller participated in on September 4, 2013, over four months after plaintiffs' expert disclosure deadline, was for the purpose of "bolster[ing my] opinion." Schumacher Deposition pp. 64–65. Plaintiffs do not allege that the supplemental reports were to correct an incomplete or misleading disclosure.

However, plaintiffs argue that this is still proper supplementation. Plaintiffs point to the scheduling order which stated that "supplementation under Rule 26(e) must be made promptly

3

after the receipt of the information by the party or counsel but in no event later than the close of discovery." [DE 36]. Plaintiffs argue that because they served the supplemental reports prior to the close of discovery, the supplementation does not violate the scheduling order and should be allowed.

Plaintiffs' argument is unavailing. Here, the supplemental testing and reports defendants seek to have excluded clearly violate this Court's scheduling order and do not qualify as supplementation under Rule 26(e). Plaintiffs' own experts describe the need for their supplementation as a means to "bolster" their original opinions. However, Rule 26(e)(1) requires supplementation when a "party learns that in some material respect the information disclosed is incomplete or incorrect." FED. R. CIV. P. 26(e)(1). Like the court in *Akeva*, this Court "cannot accept a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions." *Akeva*, 212 F.R.D. at 310. The only appropriate supplementation occurs when the previous disclosures "happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, *misleading*." *Id.* (emphasis added). "To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc on docket control and amount to unlimited expert opinion preparation." *Id.* Accordingly, plaintiffs' experts' supplemental reports and testing are not proper supplementation, but rather untimely disclosures.

Having determined that its discovery plan was violated, the Court now looks to whether or not exclusion, as defendants request, is the appropriate sanction. The sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii) are available to the court as a result of plaintiffs violation of the scheduling order. FED. R. CIV. P. 16(f). The sanctions provided for in that rule are as follows:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii)

4

striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). "The primary focus of the Rule 16(f) analysis is "whether [the disobedient party] has shown good cause for its failure to timely disclose." *SMD Software, Inc. v. EMove, Inc.*, NO. 5:08-CV-403-FL 2013 U.S. Dist. LEXIS 146864, *12 (E.D.N.C. Oct. 10, 2013) (citing *Akeva*, 212 F.R.D at 309). "If the court finds such a violation without good cause, it has 'broad discretion in employing sanctions.'" *Id.* at 12–13 (citing *Akeva*, 212 F.R.D at 311). Relevant considerations include "(1) the explanation for the failure to obey the order; (2) the importance of the expert opinion; (3) the prejudice to the opposing party by allowing the disclosures; and (4) the availability of alternative or lesser sanctions. . . . ([5]) the interest in expeditious resolution of litigation; ([6]) a court's need to manage its docket; and ([7]) public policy favoring disposition of cases on the merits."[1] *Akeva*, 212 F.R.D. at 311.

Here, plaintiffs offer no explanation for their failure to obey the scheduling order other than to argue that the supplements are proper under Rule 26(e). The Court has already found this argument to be unpersuasive and notes that plaintiffs' only motivation to offer the supplements was to bolster their experts' opinions. There is no excuse for failure to properly prepare and supplementation will not be allowed in such circumstances. Further, plaintiffs offer no explanation as to why the testing could not have been performed at a time when the results could have been disclosed in plaintiffs' original expert reports. Allowing plaintiffs' untimely disclosures at this juncture would necessitate allowing defendants to submit supplemental reports

---

[1] The Court notes that several courts in the Fourth Circuit have found the appropriate factors to be the five laid out in *Southern States Rack & Fixture Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) for determining whether evidence should be should be excluded under Rule 37(c)(1) when making an analysis under Rule 16(f), *see SMD Software*, 2013 U.S. Dist. LEXIS 146864 at *13 (collecting cases), but also notes that the factors are substantially similar and the Court's analysis here would be the same whether conducted under either set of factors.

and take additional depositions of plaintiffs' experts. Plaintiffs' admit this and argue that they offered to allow defendants to do so before the close of discovery. [DE 77 at 8]. However, at this time discovery has closed, and the reopening of depositions and expert reports would impose significant costs on the court and both parties. Further, this would disrupt the Court's ability and need to manage its docket. Of course, excluding the reports does lessen the likelihood that the case will be decided on the merits, and therefore, this factor weighs against exclusion. However, after considering all of the factors as applied to this case, there is no better solution than to exclude the testing and supplemental reports, and that solution is well justified.

Accordingly, any and all testing undertaken by plaintiffs' expert witnesses subsequent to May 1, 2013, including but not limited to the testing undertaken in Memphis, Tennessee on or about September 4, 2013, and any supplemental reports and/or opinions associated with such testing is hereby excluded from evidence in this case. Defendants' motion is granted.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to exclude is GRANTED. Any and all testing undertaken by plaintiffs' expert witnesses subsequent to May 1, 2013, including but not limited to the testing undertaken in Memphis Tennessee on or about September 4, 2013, and any supplemental reports and/or opinions associated with such testing is hereby EXCLUDED from evidence in this case.

SO ORDERED.

This the **13** day of January 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE