UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

| | |
|---|---|
| SEVERN PEANUT CO, INC., MEHERRIN AGRICULTURE & CHEMICAL CO., and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA as Subrogee of Severn Peanut Co., Inc. and Meherrin Agriculture & Chemical Co.,<br><br>Plaintiffs,<br><br>vs.<br><br>INDUSTRIAL FUMIGANT CO. and ROLLINS INC.,<br><br>Defendants. | DOCKET NO. 2:11-cv-00014-BO |

### DEFENDANTS' REPLY MEMORANDUM OF LAW REGARDING PLAINTIFF SEVERN PEANUT COMPANY'S CONTRIBUTORY NEGLIGENCE

Defendants Industrial Fumigant Co. ("IFC") and Rollins, Inc. ("Rollins"), by and through counsel, and pursuant to this Court's order of September 27, 2014, hereby submit their reply memorandum of law in support of their defense that Plaintiffs' claims are barred by the contributory negligence of Severn Peanut Co., Inc. ("SPC").

### ARGUMENT

**I.  PLAINTIFFS' NEGLIGENCE CLAIMS ARE BARRED BY SPC'S CONTRIBUTORY NEGLIGENCE.**

    **A.  Plaintiffs' Arguments are Not Supported by Valid North Carolina Authority.**

In their initial brief, Defendants noted that Plaintiffs had "failed to point to a single case in the history of North Carolina jurisprudence in which a court permissibly refused the defendant's request to submit the issue of contributory negligence to the jury on the ground that the plaintiff's and defendant's theory of causation were 'mutually exclusive.'" Defs.' Mem. p. 24. In response, Plaintiffs located and cited a single case – the 1967 North Carolina Supreme

Court decision of *Jackson v. McBride*, 270 N.C. 367, 154 S.E.2d 468 (1967). Had Plaintiffs cite checked that single case, however, they would have quickly determined that it "is no longer the law." *Wentz v. Unifi, Inc.*, 89 N.C. App. 33, 38, 365 S.E.2d 198, 200 (1988); *see also* LEXIS Shepherd's Summary, attached hereto as **Ex. A**, indicating that the current status of *Jackson* is "Questioned: Validity questioned by citing refs." Defendants below explain why *Jackson* is no longer good law.

In *Jackson*, the plaintiff, a pedestrian, sued the defendant motorist for striking him with his vehicle on the shoulder of the road where he alleged he was standing. In his answer, the defendant contended that the plaintiff was actually lying in the middle of the road when his vehicle came upon him, and that the defendant was unable to avoid striking him. 270 N.C. at 372-73, 154 S.E.2d at 472. Quoting its earlier, 1953 decision in *Darden v. Leemaster*, 238 N.C. 573, 78 S.E.2d 448 (1953), the Supreme Court stated:

> "Where there is no plea of contributory negligence, the submission to the jury of an issue of contributory negligence is not proper," . . . . "The allegation in an answer that the death of the intestate was caused by his own negligence and not by any negligence of the defendant is not a sufficient plea" of contributory negligence. For the same reason, evidence by the defendant to the effect that the plaintiff was injured not by the negligence of the defendant, as alleged in the complaint, but by the plaintiff's own negligence, as alleged in the answer, would not justify the submission to the jury of an issue of contributory negligence.

*Jackson*, 270 N.C. at 372, 154 S.E.2d at 471-72 (quoting *Darden*). This result was compelled by the code pleading doctrine of "material variance," in which a party could not offer proof at trial which departed materially from its pleading. *Id.* at 371, 154 S.E.2d at 471. It was in this context of the parties' ***pleadings***, as filtered through the material variance rule, that the Supreme Court held that the "defendant's pleading and proof, therefore, does not allege or show contributory

negligence on the part of the plaintiff. The two parties have alleged and offered evidence to prove two entirely different accidents."[1] *Id.* at 373, 154 S.E.2d at 472.

Like Plaintiffs here, the plaintiff in *Wentz v. Unifi* relied on *Jackson* in contending that submission of a contributory negligence issue to the jury would be improper where the plaintiff and defendant each asserted different causes of a vehicular accident. The plaintiff in *Wentz* contended that the defendant caused the plaintiff to lose control of his car and swerve into the defendant's lane of travel; the defendant contended that the plaintiff lost control of his vehicle first and then swerved into the defendant's lane of travel – she did not contend that the plaintiff's negligence was related to her own purported negligence. *Id.* at 39, 365 S.E.2d at 201. The plaintiff contended an instruction on contributory negligence was inappropriate due to the "factual inconsistencies" between the parties' pleadings. *Id.* at 37, 365 S.E.2d at 200.

The Court of Appeals noted that the "overriding concerns" in *Jackson* "were premised upon the earlier pleading rules that any material variance between the pleadings and the proof offered at trial constituted a failure of proof." *Id.* at 38, 365 S.E.2d at 200.

> Where the complaint set forth facts indicating defendant's negligence, the facts asserted in defendant's answer to support the affirmative defense of contributory negligence were required to concur with, but not negate, the facts asserted by plaintiff. If defendant asserted facts logically irreconcilable with those in the complaint, defendant's defense of contributory negligence could not prevail and was defeated on its pleadings. This, however, is no longer the law.

*Id.* The court further observed that the adoption of the Rules of Civil Procedure "abolished the rigid and strict technical requirements of form pleading and replaced these requirements with the

---

[1] Even were *Jackson* still good law, it is inapposite to the instant case because the factual setting there posited "two entirely different accidents," as opposed to a single accident arising from two different causes. For the same reason, the hypothetical scenarios posited by Plaintiffs in footnote 3 of their brief – one involving a rock striking the plaintiff's car from above, and the other involving the plaintiff's car striking another car – are also inapposite. Pls.' Mem. p. 7 n.3. The instant case involves one accident – namely, a fire; no possibility has been posited of any different accident. The question of what caused the fire is factually and legally distinct from the question of which of two possible events actually occurred.

more liberal and flexible requirements of notice pleading." *Id.* Under notice pleading, controversies are to be resolved "on their merits" rather than "'on technicalities of pleading.'" *Id.* (quoting *Smith v. City of Charlotte*, 79 N.C. App. 517, 528, 339 S.E.2d 844, 851 (1986)). Because under notice pleading the defendant's answer was sufficient to provide notice of her defense of contributory negligence, the court did not err by submitting that defense to the jury. *Id.* at 38, 365 S.E.2d at 201.

Indeed, the state of the law of contributory negligence today is much different from the bygone days of code pleading. North Carolina courts now recognize that defendants may prevail on a contributory negligence defense by establishing that the negligence of the plaintiff was the sole proximate cause of its injuries. *Muteff v. Ivacare Corp.*, 218 N.C. App. 558, 565, 721 S.E.2d 379, 384 (2012) ("[i]f a defendant can prove negligence . . . and proximate cause on the part of a plaintiff, that plaintiff will be completely barred from recovery"); *Murdock v. Ratliff*, 63 N.C. App. 306, 315, 305 S.E.2d 48, 54 (1983) (the "negligence of plaintiff need not be the sole proximate cause of his injury[;] his contributory negligence bars his recovery if the negligence is one of the proximate causes of the injury"); *Asbury v. City of Raleigh*, 48 N.C. App. 56, 60, 268 S.E.2d 562, 564-65 (1980) ("decedent's contributory negligence was a concurring, if not the sole proximate cause of the accident; and, as a consequence, plaintiff is barred from recovery.") Indeed, a defendant establishes contributory negligence simply by proving (1) a want of due care on the part of the plaintiff and (2) a proximate connection between the plaintiff's negligence and the injury. *Whisnant v. Herrera*, 166 N.C. App. 719, 722, 603 S.E.2d 847, 850 (2004). There is

4

Case 2:11-cv-00014-BO   Document 174   Filed 10/30/14   Page 4 of 11

no requirement at all that the defendant prove that the plaintiff's want of care somehow relates to the negligence of the defendant alleged by the plaintiff.[2]

Some twenty-five years ago, this Court confronted a similar issue in *Hinkamp v. American Motors Corp.*, 735 F. Supp. 176 (E.D.N.C. 1989). The plaintiff there experienced brain injuries after his vehicle left the road on an icy curve. His blood alcohol level measured 0.10 shortly after the accident. The plaintiffs alleged that the cause of his accident was the vehicle's manufacturer's improper design, which made it difficult to steer and susceptible to inadvertent loss of control – rather than the intoxicated condition of the driver. *Id.* at 178. The Court focused on the fact that the driver's negligence could not be ruled out as a proximate cause of his injuries – irrespective of whether the steering mechanism was improperly designed. *Id.* Thus, the Court held that summary judgment was appropriate on the defendant's contributory negligence defense. *Id.* This result was compelled whether or not the driver's negligence was the sole proximate cause of the accident or merely a contributing cause because "[a] plaintiff's contributory negligence need not be the sole proximate cause of his injury to bar recovery. The defendant will prevail if it 'contributes' to the injury as just one of the proximate causes." *Id.*

This case is no different from *Hinkamp*. Just as Plaintiffs and Defendants here assert independent causes of the peanut fire, so too did the plaintiffs and the defendant in *Hinkamp* assert independent causes of the one-car accident:

---

[2] On page 8 of their brief, Plaintiffs articulate a series of legal principles, including that contributory negligence applies only if "the plaintiff's negligence contributed to the same cause he alleges and proves caused his injury." Pls.' Mem. p. 8. Notably, there is not a single citation to North Carolina authority on that page, quite obviously, because there is no North Carolina authority which actually supports these principles. They are created from whole cloth.

|  | *Hinkamp* | *Severn Peanut* |
|---|---|---|
| Plaintiffs' alleged cause of accident | Defective steering mechanism | Improper Fumitoxin application |
| Defendants' alleged cause of accident | Plaintiff's intoxication leading to loss of control of vehicle | SPC's improper storage and handling practices leading to spontaneous combustion |
| Did defendant allege that plaintiff's allegedly negligent conduct related to the plaintiff's allegedly negligent conduct? | No | No |
| Was/is contributory negligence an appropriate defense | Yes | Yes |

Not only did this Court find contributory negligence to be an appropriate defense in *Hinkamp*, it granted summary judgment to **the defendant** on its contributory negligence defense. That result was warranted even though there was no connection alleged between the defendant's acts or omissions and the driver's.

Plaintiffs cite *Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. 227, 236, 311 S.E.2d 559, 566 (1984) for the proposition that "[c]ontributory negligence 'signifies **contribution** rather than independent or sole proximate cause.'" Pls.' Mem. p. 7 (quoting *Hairston*; emphasis in original). Yet *Hairston* says no such thing. Indeed, not only was contributory negligence not an issue in *Hairston*, the phrase "contributory negligence" appears nowhere in the Supreme Court's 18-page opinion. Rather, *Hairston* addressed the unrelated doctrine of "insulating" negligence. In their brief, Plaintiffs deftly spliced the words "contributory negligence" into a sentence from *Hairston* in which the court was discussing insulating negligence, not contributory negligence:

> Insulating negligence means something more than a concurrent and contributing cause. It is not to be invoked as determinative merely upon proof of negligent conduct on the part of each of two persons, acting independently, whose acts unite to cause a single injury. ***Contributing negligence*** signifies contribution rather than independent or sole proximate cause.

*Id.* at 236, 311 S.E.2d at 566 (citations omitted and emphasis added).[3] "Contributing negligence" as referenced by the *Hairston* court is a totally different legal concept than "contributory negligence." Consequently, Plaintiffs' reliance on *Hairston* is misplaced.

> **B. The Competing Causation Theories Posited by the Parties' Experts are Not "Mutually Exclusive."**

Like a political candidate vying for name recognition, Plaintiffs' brief trumpets the phrase "mutually exclusive" no fewer than seven times, as if repeating the phrase often enough will somehow make it true.[4] But it does not. The parties' experts' competing causation theories are not, and never have been, "mutually exclusive." *Merriam-Webster* defines "mutually exclusive" to mean "related in such a way that each thing makes the other thing ***impossible***: not able to be true at the same time or to exist together[.]" *Merriam-Webster Online Dictionary* (http://www.merriam-webster.com/dictionary/mutually%20exclusive) (emphasis added).

For the parties' experts' competing causation theories to be "mutually exclusive," a fire commencing with the Fumitoxin application on the surface of the peanuts would – as a scientific matter – have to ***prevent*** spontaneous combustion of the peanuts from occurring deep within the peanut pile, or vice versa. In all of the expert reports submitted, and all of the expert deposition testimony given, however, not a single expert has ever so opined. Rather, Plaintiffs' experts

---

[3] Plaintiffs also suggest, erroneously, that a jury finding that Defendants were negligent *per se* would foreclose their contributory negligence defense. Pls.' Mem. p. 8 n.4. That is yet another incorrect statement of North Carolina law. Contributory negligence is as much a defense to a claim of negligence *per se* as it is to common law negligence. *See, e.g., Eason v. Cleveland Draft House, LLC*, 2009 N.C. App. LEXIS 291 (N.C. Ct. App. Mar. 17, 2009) (unpublished) (holding that the plaintiff's contributory negligence barred her claims against the defendant tavern owner found negligent *per se* for violating N.C. Gen. Stat. § 18B-305); *Baker v. Mauldin*, 82 N.C. App. 404, 346 S.E.2d 240 (1986) (holding that the plaintiff's decedent's contributory negligence barred her claims against the defendant driver found negligent *per se* for violating N.C. Gen. Stat. § 20-138.1).

[4] Plaintiffs find important that Defendants had not raised the "concurrent cause" possibility in support of their contributory negligence defense prior to responding to Plaintiffs' recent motions *in limine*. Pls.' Mem. p. 2. There is a very simple explanation why that is so: it was not until their motions *in limine* that Plaintiffs first raised their argument that the "mutually exclusive" nature of the parties' experts' causation theories rendered Defendants' contributory negligence defense inappropriate. *See* DE #137 pp. 3-5.

have contended that the factual inferences arising from the evidence make their theory of a Fumitoxin induced fire more probable than a spontaneous combustion induced fire; Defendants' fire expert, in turn, has contended that the factual inferences arising from the evidence make his theory of a spontaneous combustion induced fire more probable than a Fumitoxin induced fire. There is no evidentiary or procedural rule which prevents the jury from accepting both theories and from concluding that the August 2009 fire within the peanut dome was caused in the manner opined by **both** sets of experts. That is precisely why it would be error for the contributory negligence issue not to be submitted to the jury for resolution.[5]

To the extent Plaintiffs argue that only "unsupported speculation" could lead to the jury concluding that both theories of causation explain the peanut fire, Pls.' Mem. p. 7, nothing could be further from the truth. The jury will hear expert testimony from Plaintiffs' experts that the Fumitoxin application caused the fire to develop on the surface of the peanut pile; they will hear expert testimony from the Defendants' fire expert that the fire developed from spontaneous combustion deep within the peanut pile. Thus, ample evidence will exist for the jury to conclude that the fire commenced as both sets of experts opine. Because neither theory makes the other impossible – and they are therefore not "mutually exclusive" – it would be perfectly permissible for the jury to conclude that both causes are responsible for the fire. This would certainly not be

---

[5] It is also why this case is different from *Jackson v. McBride* even had the principle articulated in that case survived the transition from code pleading to the Rules of Civil Procedure. In *Jackson*, the accident either occurred in the manner alleged by the plaintiff (on the shoulder of the road) or by the defendant (in the middle of the road). It could not have occurred in both ways. The same is true with Plaintiffs' hypothetical scenarios discussed *supra* in footnote 1. Rather, this case is no different from the Driver A/Driver B hypothetical posited on page 25 on Defendants' initial brief, in which there was no dispute as to the accident that occurred, only how it was caused. Contributory negligence is always an appropriate defense in those circumstances, where numerous factual inferences are plausible, one of which arises from the want of due care by the plaintiff. *Cf. Southern Rwy. Co. v. O'Boyle Tank Lines, Inc.*, 70 N.C. App. 1, 8, 318 S.E.2d 872, 877 (1984) (if several inferences and interpretations of the evidence are permissible, only a jury can resolve them).

the first case litigated in the Eastern District of North Carolina in which a jury accepted some of what each opposing expert opined, but not all he or she opined.

## II. PLAINTIFFS' FAILURE TO EXERCISE DUE CARE AFTER THE DISCOVERY OF THE FIRE CONSTITUTES CONTRIBUTORY NEGLIGENCE.

As Defendants noted on page 22 of their initial brief, what confronted Plaintiffs on August 11, 2009 was a very slow developing, smoldering fire. Indeed, based on the minimal evidence of combustion, Travelers was unwilling even to classify the event as a fire, as the only objective evidence of conditions existing in the dome was minimal smoke and some excessive heat. Nata Dep. pp. 17-21 (attached hereto as **Ex. B**). There is no evidence that as of that date any damage had occurred to SPC's peanuts or dome. Further, there is no evidence that a truly destructive, free-burning fire existed until August 29, 2009. *Id.* It is Defendants' position that SPC's negligence between August 11 and August 29 proximately caused the free-burning fire which destroyed SPC's peanuts dome.

As Plaintiffs have previously noted, (DE #137, pp. 3-4), "contributory negligence is negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant to produce ***the injury of which the plaintiff complains***.'" 22 N.C. Index 4th *Negligence* § 31 (May 2014) (emphasis added). The injury of which Plaintiffs complain here is the destruction of the peanuts and the dome. (DE #93, p. 2). Plaintiffs are not seeking damages for the initial smoke and heat discovered on August 11, 2009 and monitored in the ensuing days; rather, they are seeking damages for the total loss of the peanuts and dome, which occurred on August 29, 2009. SPC's negligence following the initial discovery of the fire joined *successively* with its and/or IFC's prior negligence to cause those very damages.

Plaintiffs are simply wrong in contending that if a plaintiff's negligence occurs after the defendant's negligence, only a failure to mitigate arises, and not contributory negligence. A

plaintiff's failure to appropriately react to the defendant's negligent conduct, which combines with the defendant's preceding conduct to produce the injury at issue, is contributory negligence, not merely a failure to mitigate. *See, e.g., Alford v. Lowery*, 154 N.C. App. 486, 573 S.E.2d 543 (2002) (plaintiff's failure to react appropriately to defendant's vehicle that crossed the center line into her lane of travel supported submission of contributory negligence issue); *McGill v. French*, 333 N.C. 209, 424 S.E.2d 108 (1993) (jury question presented as to whether plaintiff was contributorily negligent in failing to keep doctor appointments to address prostate cancer defendant physician failed to appropriately address); *Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 376 S.E.2d 425 (1989) (jury question presented as to whether plaintiff was contributorily negligent in jumping from third-story window to escape fire caused by defendant's negligence).

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court take all actions, and enter all orders, as it deems appropriate based on the evidence of SPC's contributory negligence discussed herein and in their initial brief.

This the 30th day of October, 2014.

                            **POYNER SPRUILL LLP**

                            By:   s/ Steven B. Epstein
                                   Steven B. Epstein
                                   N.C. State Bar No. 17396
                                   Email: sepstein@poynerspruill.com
                                   301 Fayetteville Street, Suite 1900
                                   Raleigh, NC  27601
                                   Telephone: 919.783.2846
                                   Facsimile:  919.783.1075

                                   ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record as follows:

>Howard M. Widis
>Quick, Widis & Nalibotsky, PLLC
>2115 Rexford Rd., Suite 100
>Charlotte, NC 28211
>Email: hwidis@qwnlaw.com
>
>James L. Warren III
>Carroll Warren & Parker PLLC
>188 East Capitol St., Suite 1200
>Jackson, Mississippi 39201
>Email: jwarren@cwplaw.com

This the 30th day of October, 2014.

>s/ Steven B. Epstein
>Steven B. Epstein