IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:11-CV-14-BO

| | |
|---|---|
| SEVERN PEANUT CO., INC., et al, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| INDISTRIAL FUMIGANT CO. and ) | |
| ROLLINS INC., ) | |
| ) | |
| Defendants. ) | |

By order filed on September 29, 2014, the Court ordered the parties to further brief the issue of contributory negligence. [DE 167]. The parties have done so and, considering their responses [DE 170, 173, 174], the Court now, for the reasons stated herein, enters summary judgment in favor of defendants.

## BACKGROUND

On April 20, 2009, Industrial Fumigant Co. ("IFC") and Severn Peanut Co. ("Severn") entered into a contract for IFC to fumigate Severn's peanut storage dome ("dome"). On August 4, 2009, IFC applied the fumigant and sealed the dome. Seven days later, Severn discovered smoke coming from the dome and notified IFC. A professional fire suppression company was on the scene by August 16, 2009. Fire suppression efforts were undertaken, but hindered by Severn in an apparent effort to salvage the value of their peanuts. On August 29, 2009, there was an explosion in the dome and the dome and peanuts inside sustained severe damage. Severn alleges that it sustained almost $20 million in damages as a result of the fire, which it attributes to defendants' improper application of the pesticide Fumitoxin.

As a result of this incident, plaintiffs filed this suit against defendants on April 8, 2011. Plaintiffs assert claims for negligence, negligence *per se*, and breach of contract. Defendants assert, among other defenses, contributory negligence on the part of Severn. By order dated March 15, 2014, the Court granted summary judgment in favor of defendants on plaintiffs' breach of contract claim. [DE 101].

## DISCUSSION

Summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party must demonstrate the lack of genuine issue of fact for trial and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original). For purposes of this order, the Court considers defendants to be the moving party as the Court directed them to brief the order first and allowed them to file a reply brief. [DE 167].

This case presents a close question of what initially caused the fire in Severn's peanut silo as this Court noted in its summary judgment order. [DE 101]. In that order, the Court found that defendants' argument that plaintiffs could not meet their burden of proof that the fire was caused by defendants was not sustainable. [DE 101 at 6]. In other words, there is a serious question of material fact as to the cause of the fire. However, this case also presents a clear

picture as to what happened after the fire was discovered. In short, plaintiffs did nothing and even ignored the advice of a professional fire-fighting company as to how to handle the fire. This failure of action contributed to the final loss suffered by plaintiffs by the fire, and as such constitutes contributory negligence thereby defeating plaintiff's negligence claims against defendants.

North Carolina is a contributory negligence state. "If a defendant can prove negligence . . . and proximate cause on the part of a plaintiff, that plaintiff will be completely barred from recovery." *Muteff v. Invacare Corp.*, 721 S.E.2d 379, 384 (N.C. App. 2012) (citing *Yancey v. Lea*, 550 S.E.2d 155, 157 (N.C. 2001)). Contributory negligence is "'the breach of the duty of the plaintiff to exercise due care for his own safety in respect of the occurrence about which he complains, and if his failure to exercise due care for his own safety is one of the proximate contributing causes of his injury, it will bar recovery.'" *Champs Convenience Stores, Inc. v. United Chem. Co.*, 406 S.E.2d 856, 861 (N.C. App. 1991) (quoting *Holderfield v. Rummage Broths. Trucking Co.*, 61 S.E.2d 904, 906 (N.C. 1950)). Proximate cause "is an inference of fact to be drawn from other facts and circumstances." *Adams v. Mills*, 322 S.E.2d 164, 172 (N.C. 1984). When there is no dispute over the facts and only one inference can be drawn from them, the Court is able to declare whether an act was the proximate cause of an injury. *Id.* Here it is clear that there is no issue of material fact as to plaintiffs' failure to exercise due care in responding to the fire after it was discovered and that their failure to do so was a proximate cause of the catastrophic loss of the peanuts and the dome.

As of August 11, 2009, smoke was coming out of the headhouse atop the dome. Watson 30(b)(6) Dep. p. 17. A company named Williams Fire & Hazard Control ("Williams") was retained to attempt to suppress the fire and was on the scene by August 16, 2009. [DE 56-16 at

3

52]. . Plaintiffs took the deposition of the lead firefighter from Williams, Chancey Naylor. In his deposition, Mr. Naylor testified he recommended that Williams be permitted to remove all of the peanuts from the Dome as quickly as possible so it could fight the fire outside of the Dome, which was his "very strong opinion" and strong recommendation as to what needed to be done, yet Severn refused to allow Williams to take these actions. [DE 56-16 at 43, 48–50]. Mr. Naylor also recommended the use of foam to fight the fire, yet Severn refused to allow the use of foam until August 28, 2009. [DE 56-16 at 27, 34]. Mr. Naylor also recommended that Mr. Naylor be permitted to introduce liquid carbon dioxide into the Dome, but Severn refused permission to do so. [DE 56-16 at 49]. In other words, Mr. Naylor testified that Severn did not follow any of Williams's recommendations as to how to suppress the fire. [DE 56-16 at 26, 51]. Mr. Naylor testified that the peanuts should have been offloaded from the Dome no later than August 18-19, 2009. [DE 56-16 at 52]. As of August 29, 2009, 18 days after the fire had first been discovered and 13 days after Williams arrived on the scene, the peanuts had still not been offloaded in furtherance of fire suppression efforts and on that date the Dome exploded. Mr. Naylor testified that he believed he would have had a better than average chance of successfully extinguishing the fire if his recommendations had been followed and that he had not previously failed to extinguish similar fires. [DE 56-16 at 54–55]. Further, on August 27, 2009, about 2000 pounds of peanuts were offloaded for sampling and they were cold and dry when they came out of the Dome which indicates that on August 27, 2009, not all of the peanuts had been destroyed. [DE 56-16 at 53].

The only possible inference from these facts is that the final and total destruction of the peanuts and Dome was a proximate result of Severn's failure to exercise due care after the discovery of the fire. The fire was first discovered on August 11, 2009, and the explosion

4

occurred on August 29, 2009. There was ample time during the interceding 19 days in which the peanuts could have been safely de-inventoried and the fire fought at the very least saving the Dome and the majority of peanuts from being destroyed. Severn's failure to remove the peanuts from the dome early in the event and generally to follow the advice of the professional fire-fighting company Williams was directly related to the resulting total loss of the peanuts and the Dome. Therefore Severn's failure to exercise due care is at least one of the proximate causes of the loss of the dome and the majority of the peanuts and this contributory negligence operates as a bar to plaintiffs' negligence claims. As the negligence claims are the only remaining claims in this case, and are barred, the Court enters summary judgment in favor of the defendants.

## CONCLUSION

For the foregoing reasons, plaintiffs' contributory negligence bars their remaining claims. Therefore the Court enters summary judgment in favor of defendants. As summary judgment has been granted for defendants the pending motions that remain on the docket are moot and are DENIED AS MOOT. The Clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED.

This the __19__ day of December, 2014.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 2:11-cv-00014-BO   Document 177   Filed 12/22/14   Page 5 of 5